# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JAMES DARNELL ROME SUDBERRY, | : | Case No. 1:24-cv-394 |
| Petitioner, | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| WARDEN, MADISON CORRECTIONAL FACILITY, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Madison Correctional Institution, in London, Ohio, has filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state-court convictions for "Murder, Assault, Assault." (Doc. 1-2). The Court understands Petitioner to be challenging his 2000 Butler County, Ohio, murder and assault convictions and his 2011 Warren County, Ohio, assault conviction.

In August 2024, the Court ordered Petitioner to show cause why the Petition should not be transferred to the Sixth Circuit Court of Appeals as second or successive because Petitioner had previously challenged the same convictions in federal court. (Doc. 2). As noted in the Order, Petitioner has previously filed multiple habeas corpus actions challenging his convictions. *See Sudberry v. Warden*, No. 1:17-cv-45 (S.D. Ohio) (Docs. 5-7) (transferring Petition challenging 2011 Warren County assault-on-corrections-officer conviction to Sixth Circuit as successive); *Sudberry v. Warden*, No. 1:14-cv-676 (S.D. Ohio) (Docs. 3, 7-8) (dismissing

Petition challenging 2011 Warren County assault-on-corrections-officer conviction as time-barred); *Sudberry v. Warden*, No. 1:13-cv-623 (S.D. Ohio) (Docs. 18, 22-23, 26) (transferring Petition challenging 2000 Butler County murder conviction to Sixth Circuit as successive and dismissing claims challenging 2000 Butler County assault-of-an-officer conviction as time-barred); *Sudberry v. Warden*, No. 1:03-cv-537 (S.D. Ohio) (Docs. 52, 62, 86, 92, 93, 98-99) (denying Petition challenging Petitioner's 2000 Butler County murder conviction because claims were procedurally defaulted, without merit, or time-barred). *See also In re James Sudberry*, No. 19-4129 (6th Cir. Apr. 27, 2020) (denying Petitioner's motion for authorization to file a second or successive habeas corpus Petition and setting forth the procedural history of his previous § 2254 habeas actions).[1]  Petitioner has now responded to the Show Cause Order. (Doc. 4)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review of the Petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, for the reasons below, it plainly appears that Petitioner is not entitled to relief from the District Court, and, thus, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 477 F.2d 75, 82-83 (6th Cir. 1969)). Further, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

## I. Legal Standard

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)).

"To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). The determination of whether a habeas application is second or successive, however, is committed to the District Court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all petitions filed second in time are 'second or successive'" and thus subject to the restrictions of § 2244(b). *In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023) (en banc), *cert. denied*, No. 23-6276 (May 13, 2024). The Sixth Circuit has provided the following "roadmap" for determining whether a petition is second or successive:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed

3

claim was not decided on the merits because it was dismissed as unexhausted. [*In re Hill*, 81 F.4th] at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *cert. denied*, No. 24-5 (Oct. 7, 2024).

## II. Analysis

The Petition here is second or successive. First, Petitioner challenges the same judgments that were at issue in his previous § 2254 habeas cases. In his response to the Show Cause Order, Petitioner asserts that he is challenging the Ohio Supreme Court's 2024 denial of a state-court habeas corpus petition[2] and seeks to have that case liberally construed as "an original 'appeal of right'" because his "first (1st) appeal of right" was "time-barred in delayed appeal." (Doc. 4, at PageID 253-55).[3] However, there is no "new judgment" here. Rather, the original judgments "remain in effect." *Smith v. Warden, Lebanon Corr. Inst.*, No. 1:16-cv-998, 2016 WL 6790800, at *3 (S.D. Ohio Oct. 27, 2016), *report and recommendation adopted,* 2016 WL 6806251 (S.D. Ohio Nov. 16, 2016) (transferring successive petition to the Sixth Circuit after finding it "clear that no 'new judgment' ha[d] been entered by the state courts" where the petitioner's subsequent attack on his conviction was *denied*), *authorization denied sub nom. In re Smith,* No. 16-4310 (Apr. 20, 2017).

Second, Petitioner's six grounds for relief—mitigation claims for all three convictions, ineffective assistance of counsel, violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and lack

---

[2]*See Sudberry v. Stuff*, Case No. 2023-1319 (Ohio 2024) (viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2023/1319).

[3]A detailed procedural history of Petitioner's Butler County murder conviction is set forth in Case No. 1:03-cv-537 (Doc. 52, at PageID 1795-1801). There, the Court noted that the Ohio Supreme Court denied Petitioner's motion for delayed appeal from that conviction and sentence in July 2002. (*Id.* at PageID 1797).

of an impartial jury (*see* Doc. 1-2, at PageID 157-62)—were not "unripe" at the time of his respective, initial Petitions because the events underlying these claims had already occurred. *See In re Gutierrez*, 2024 WL 3333932, at *1.[4]

Third, and finally, none of Petitioner's previous federal habeas corpus Petitions were dismissed for containing unexhausted claims. *See id*. ("The exception for unexhausted claims is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]"). Rather, Petitioner's first § 2254 challenge to his Butler County murder conviction (Case No. 1:03-cv-537) was denied because Petitioner's claims were procedurally defaulted, without merit, or time-barred; Petitioner's first § 2254 challenge to his Butler County assault conviction (Case No. 1:13-cv-623) was dismissed as time-barred; and Petitioner's first § 2254 challenge to his Warren County assault conviction (Case No. 1:14-cv-676) was dismissed as time-barred.

Because the instant Petition is second or successive within the meaning of 28 U.S.C. § 2244(b), *see In re Gutierrez*, 2024 WL 3333932, at *1, this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a second or successive habeas petition in the District Court without first obtaining authorization from the Court of Appeals, the District Court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration under § 2244(b)(3). *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[4]The remainder of the Petition (Doc. 1-2, at PageID 163-227) consists of filings from other proceedings and miscellaneous exhibits the Court understands Petitioner to have filed in support of his claims.

5

**IT IS THEREFORE RECOMMENDED THAT:**

1. Because this Court lacks jurisdiction in this matter involving a second or successive petition, within the meaning of 28 U.S.C. § 2244(b), Petitioner's habeas corpus Petition be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254. *See In re Sims,* 111 F.3d at 47 ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) ("*Sims* instructs district courts to transfer only 'successive' petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright.").

2. In light of the above recommendation, Petitioner's application to proceed *in forma pauperis* (Doc. 3) be **DENIED as moot and without prejudice** to his ability to refile it should the Sixth Circuit Court of Appeals grants him permission to proceed with this action. *See Dotson v. Parrish*, No. 3:18-CV-00853, 2018 WL 9618182, at *2 (M.D. Tenn. Oct. 24, 2018).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

6

and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

March 28, 2025                          *s/ Caroline H. Gentry*
                                                     CAROLINE H. GENTRY
                                                     United States Magistrate Judge