UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES DARNELL ROME
SUDBERRY,

        Petitioner,         Case No. 1:24-cv-394

    v.         JUDGE DOUGLAS R. COLE
         Magistrate Judge Gentry

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

        Respondent.

## ORDER

Pro se Petitioner James Darnell Rome Sudberry filed a habeas petition on July 26, 2024. (Doc. 1). After reviewing Sudberry's petition, the Magistrate Judge ordered him to show cause why the Court should not transfer the matter to the Sixth Circuit Court of Appeals as a second or successive petition. (Doc. 2, #230–31). She also ordered Sudberry either to pay a filing fee or to move for leave to proceed in forma pauperis (IFP). (*Id.* at #230). Sudberry then moved to proceed IFP, (Doc. 3), and also responded to the Show Cause Order, (Doc. 4).

But Sudberry's response did not convince the Magistrate Judge. In the Report and Recommendation currently before the Court, the Magistrate Judge concludes that Sudberry's petition is in fact a second or successive petition, and thus recommends that the Court transfer the matter to the Sixth Circuit for review and determination as to whether this Court may consider the successive claims for relief. (R&R, Doc. 9, #276–78). The R&R further recommends that the Court deny

Sudberry's motion for leave to proceed IFP as moot and without prejudice to his ability to refile should the Sixth Circuit allow him to proceed with his petition. (*Id.* at #278). Beyond those recommendations, the R&R advised both parties that a failure to object within fourteen days may result in forfeiture of rights on appeal, which includes the right to District Court review. (*Id.* at #278–79); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R … is forfeiture" (emphasis omitted)); 28 U.S.C. § 636(b)(1)(C). Neither party objected within that fourteen-day window.

The Court could simply adopt the R&R based on Sudberry's failure to object. But because the recommended path here involves transferring the matter to the Sixth Circuit, in turn creating work for that court, this Court has independently reviewed the R&R. Based on that review, the Court concludes that the Magistrate Judge correctly determined that Sudberry's petition is a successive petition as 28 U.S.C. § 2244(b) uses that term. The petition seemingly challenges the same state-court judgments—a 2000 Butler County, Ohio, murder and assault conviction and a 2011 Warren County, Ohio, assault conviction—he attacked in previous § 2254 habeas petitions. (*Compare* Doc. 1-2, #149–62, *with, e.g.*, Pet., *Sudberry v. Warden, S. Ohio Corr. Facility*, No. 1:03-cv-537 (S.D. Ohio July 28, 2003), Doc. 1, *and* Pet., *Sudberry v. Warden*, No. 1:14-cv-676 (S.D. Ohio Aug. 22, 2014), Doc. 2; *see also* Order of USCA,

*Sudberry v. Warden, Lebanon Corr. Inst.*, No. 1:17-cv-45 (S.D. Ohio Sept. 5, 2017), Doc. 9). And as the Magistrate Judge correctly observes, not only does Sudberry fail to attack a new state-court judgment,[1] but his grounds for relief (mitigation claims, ineffective assistance of counsel, violation of his *Miranda* rights, and lack of an impartial jury, (*see* Doc. 1-2, #157–62)) were not "unripe" when he filed his previous petitions, nor were his claims previously dismissed for failure to exhaust. (Doc. 9, #276–77); *see also In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *cert. denied sub nom., Gutierrez v. Miniard*, 145 S. Ct. 261 (2024) (Mem.) (describing when a petition is not "second or successive" as § 2244(b) defines those terms). All told, Sudberry's petition is second or successive.

Because Sudberry presents a second or successive petition, the Court lacks jurisdiction to consider it. Accordingly, the Court **ADOPTS** the R&R (Doc. 9) and **TRANSFERS** Sudberry's petition to the Sixth Circuit for review and determination as to whether this Court may consider the successive claims for relief. The Court also **DENIES** Sudberry's motion for leave to file IFP (Doc. 3) as **MOOT** and **WITHOUT PREJUDICE** to his ability to refile should the Sixth Circuit allow him to proceed with his petition.

---

[1] In Sudberry's response to the Magistrate Judge's Show Cause Order, he argues that the Court should not dismiss his current petition because it challenges the Ohio Supreme Court's 2024 denial of a state-court habeas petition. (*See* Doc. 4, #253; *see also* Doc. 1-2, #150–51; Doc. 9, #276 n.2). And in his view, that means the Court should treat it as an "original 'appeal of right.'" (Doc. 4, #253). But as the Magistrate Judge correctly notes, Sudberry's problem is that the Ohio Supreme Court's 2024 denial is not a "new judgment." (Doc. 9, #276 (citing *Smith v. Warden, Lebanon Corr. Inst.*, No. 1:16-cv-998, 2016 WL 6790800, at *3 (S.D. Ohio Oct. 27, 2016), *report and recommendation adopted*, 2016 WL 6806251 (S.D. Ohio Nov. 16, 2016)). So it doesn't save his petition.

3

**SO ORDERED.**

<u>April 16, 2025</u>
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

4